# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SUZANNE B. CONLON | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0010 | **DATE** | **3/20/2013** |
| **CASE TITLE** | Earl Moore (#A-01422) vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT:**

The amended complaint is summarily dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state an actionable claim. The plaintiff's claims are untimely, as well as barred by the doctrine of *res judicata*. The case is terminated. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

*Suzanne B. Conlon*

■ [For further details see text below.]                    Docketing to mail notices.

---

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the City of Chicago violated his constitutional rights by denying him a timely probable cause hearing following a warrantless arrest in 1985.

As directed, the plaintiff has submitted an amended complaint limited to a single, core claim. *See* Minute Order of January 24, 2013. However, under 28 U.S.C. § 1915A, the court is required to dismiss a suit brought by a prisoner at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the amended complaint fails to state an actionable claim as a matter of law.

The plaintiff's claims are both untimely and barred by the doctrine of res judicata. In Illinois, the statute of limitations for Section 1983 actions is two years. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. Illinois law does not toll the statute of limitations for prisoners. *Schweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, No. 10 C 5188, 2010 WL 3526379, *1, n.1 (N.D. Ill. Aug. 30, 2010) (Norgle, J.). Expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005,

**(CONTINUED)**

| | mjm |
|---|---|

1009-10 (7th Cir. 2002). As the court reminded the plaintiff in its Minute Order of January 24, 2013, two prior judges have already admonished him that any civil rights claims relating to 1985 criminal proceedings are untimely. *See, e.g., Moore v. City of Chicago*, Case No. 96 C 5946 (N.D. Ill.) (Memorandum Opinion and Order of September 25, 1996) (Shadur, J.) (dismissing the case for failure of the plaintiff to submit a trust account statement, but noting that his "decade-old" claims were "stale"); *Moore v. City of Chicago*, Case No. 11 C 5007 (N.D. Ill.) (Minute Order of July 27, 2011) (Castillo, J.) (dismissing the plaintiff's claims as time-barred).

In fact, because Case No. 11 C 5007 was decided on its merits, the plaintiff may not relitigate the matter. Under principles of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Highway J Citizens Group v. United States Dept. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). In Illinois, there are three requirements for *res judicata* to apply: "(1) an identity of the parties or their privies; (2) an identity of the causes of action; and (3) a final judgment on the merits." *Highway J*, 456 F.3d at 741. "If these requirements are fulfilled, *res judicata* 'bars not only those issues which were actually decided in a prior suit, but also all other issues which could have been raised in that action.' " *Ibid.* (citation omitted). In the case at bar, the plaintiff's claim meets all three prongs.

The instant lawsuit names the same defendant, the City of Chicago, as in Case No. 08 C 7036. The plaintiff also raises the same, basic claims as in 08 C 7036, which arise from "the same core of operative facts as that earlier action." *Id.* (citation omitted). "[T]wo claims are one for purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations." *Tartt v. Northwest Community Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006) (citations omitted). Finally, Judge Castillo decided that claim on its merits, holding, "Based on the above, Plaintiff's claim is clearly time-barred, and the action is dismissed with prejudice as barred by the statute of limitations." (Minute Order of July 27, 2011, at p. 2.) A dismissal on statute of limitations grounds constitutes a dismissal "on the merits." *See Smith v. City of Chicago*, 820 F.2d 916, 918-99 (7th Cir. 1987); *Hayes v. Chicago Police Dept.*, No. 99 C 4974, 1999 WL 977168, at *2 (N.D. Ill. Oct. 22, 1999) (Manning, J.).

In short, the plaintiff had a full and fair opportunity to pursue his claims (his appeal of Case No. 08 C 7036 was dismissed for failure to pay the docketing fee). The plaintiff is not permitted to keep refiling suit regarding the same cause of action.

For the foregoing reasons, the amended complaint is dismissed for failure to state a claim upon which relief may be granted. The case is terminated. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

*Suzanne B. Conlon*